NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELIAS JUAN JUAREZ; RICARDO
MONTUFAR TOMAS JUAN; DOMINGO
WILFREDO JUAN,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-625

Agency Nos.
A208-605-696
A208-605-697
A208-605-698

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023[**]
San Francisco, California

Before: SILER, NGUYEN, and R. NELSON, Circuit Judges.[***]

Petitioners Elias Juan Juarez ("Elias") and her two children, Ricardo and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

Domingo, request asylum in the United States, withholding of removal, Convention Against Torture ("CAT") protection, and petition for review of an order of the Board of Immigration Appeals ("BIA"). All three Petitioners are from the Kanjobal ethnic group in Guatemala and believe that their ethnicity, combined with violent threats from the children's father, Esteban, make them eligible for asylum. The Immigration Judge ("IJ") and Board of Immigration Appeals (collectively, "the agency") disagreed and denied the petitions, finding that they failed to allege a protected social group, that they failed to show a nexus between their protected social group and the harm endured, and that the Guatemalan government was not implicated in their treatment. We agree with the agency and deny the petitions.

This court reviews the agency's decisions under the substantial evidence standard. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). Legal questions are reviewed de novo. *Id*.

1. Petitioners argue that the removal proceedings against Elias and her family were "never initiated" because the Notice to Appear ("NTA") did not include the date, time, and place of the hearing as required by 8 U.S.C. § 1229(a)(1)(G)(i). This court has already addressed a challenge to an NTA that failed to include the date and time of the removal proceedings and found that even though the federal statute requires the date and time to be included, that provision only concerns notice to the respondent, not jurisdiction. *United States v. Bastide-Hernandez*, 39 F.4th 1187,

1192 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023).

2. Petitioners claim that the agency erred in determining that Elias failed to show she is a member of a protected social group ("PSG"), failed to show a nexus between the harms she alleges and any protected category, and failed to show that the Guatemalan government could not or would not protect her.

Petitioners must show that Elias' PSG (1) "share[s] a common immutable characteristic," (2) can be defined with particularity, and (3) is socially distinct. *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180 (9th Cir. 2021). Elias claims that her PSG is "a group of Guatemalan Kanjobal women living in the Kanjobal area who have been subjected to domestic violence and will not be protected by the Guatemalan government." The agency found that to the extent the petitioner's proposed group is defined by the harm suffered by members of the proposed group, it is impermissibly circular. Additionally, the petitioner failed to present evidence of where the Kanjobal area is or if Kanjobal women were perceived by Guatemalan society as distinct. We therefore affirm the agency's ruling that the petitioner did not show enough evidence to establish a distinct PSG. Additionally, the petitioner did not present evidence that she was targeted on account of her protected ground. *Rodriguez-Zuniga*, 69 F.4th at 1018.

Finally, Elias failed to show that the Guatemalan government could not or would not protect her from Esteban despite her failure to report the incidents. She

must prove that the harms she suffered were inflicted "by the government or forces the government is either unable or unwilling to control." *Chand v. I.N.S.*, 222 F.3d 1066, 1073 (9th Cir. 2000) (quotations omitted). While she is not required to report incidents in order to carry that burden, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017), she must justify such a failure by more than a mere subjective belief that they would not help. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). The petitioner did not present sufficient evidence that the Guatemalan police would have been unwilling or unable to protect her from Esteban. *See Id.* at 1071-72.

3.     Finally, Petitioners waived their appeal of the agency's denial of CAT protection. Although they mention the agency's CAT decision in the factual recitations of their opening brief, they entirely neglected any argument on the issue. We "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008) (declining to take up CAT protection issue when appellant had "not advanced any arguments in support of his claim").

     The petitions for review are **DENIED**.